## BOATMAN v. MILES

(No. 1003 ; Decided July 19, 1920 ; 190 Pac. 1003.)

APPEAL AND ERROR—AMENDMENT OF APPEAL RECORD—BRIEFS—FAILURE OF BRIEF TO POINT TO EVIDENCE NOT GROUND FOR DISMISSAL WHERE CLAIM OF NO EVIDENCE IS MADE.

1. Where questions in the transcript are not numbered as required by the statute, the Court will grant Appellant's motion for leave to amend the record so as to make it comply with the statute.

2. Where Appellant contends in his brief that there is no evidence in the record to support the verdict and judgment, the appeal will not be dismissed on the ground that the brief does not refer to pages and portions of the record where the questions arise, and that it fails to refer by page or number to any specified testimony on which Appellant relies for a reversal.

APPEAL from the District Court, Natrona County; RALPH KIMBALL, Judge.

Action by Roy Boatman against James H. Miles. There was a judgment for plaintiff and defendant appeals. Heard on plaintiff's motion to dismiss appeal, and on defendant's motion for leave to amend the record on appeal. Argued orally. No briefs.

*Wm. O. Wilson and Geo. Ferguson,* for Appellant.
*Floyd E. Pendell,* for Respondent.

BEARD, C. J.

This case has been submitted at this time on two motions. One by the respondent to dismiss the appeal on the grounds,

1.  That the brief of appellant does not contain any statement of the points or authorities sufficient to justify the consideration of the cause, and does not refer to the pages and portions of the record where the questions arise.  2. That the brief of appellant is frivolous.  3.  That the record on appeal does not comply with the requirements of the statute, the questions in the transcript of the evidence not being numbered as required.  4.  The brief fails to refer by page or number to any specific testimony upon which appellant relies for a reversal.  The Appellant moves for leave to withdraw the record for the purpose of numbering or causing to be numbered the questions as required by the statute.  We think the motion of appellant should be granted.  The statute provides in cases wherein a transcript of the testimony is necessary, "the party appealing shall cause to be prepared by the official court reporter a complete transcript of all the testimony offered at the trial, with each question consecutively numbered" etc.  The failure of the court reporter to number the question is quite analogous to the failure of the clerk of the district court to number the pages of the transcript sent up in procedings in error under rule 10, requiring that to be done.  Said rule provides that' in such case the court may on its own motion, or upon the motion of defendant in error, enter an order requiring the plaintiff in error, within a specified time, to properly number the pages of the bill or transcript, and for failure to comply with such order the cause may be dismissed in the discretion of the court.  An order will be entered requiring appellant to properly number the questions in the transcript within thirty days from this date, and leave is granted to withdraw the record for that length of time for that purpose.

As to respondent's motion, the first and fourth points are not well taken for the reason that appellant contends in his brief that there is no evidence in the record to support the verdict and judgment; and, if that is the situation, of course he could not point out where something which he claims

does not exist could be found in the transcript. The third point is premature. As stated, in deciding appellant's motion, the motion to dismiss on that ground would lie only after an order has been made to number the questions and that order has not been complied with. The brief fairly presents the question of the sufficiency of the evidence to support the verdict and judgment, and the second ground of the motion is not well taken. The respondent's motion to dismiss the appeal is denied. If the order requiring appellant to number the questions in the transcript of the testimony is not complied with, the case will be subject to dismissal and if the order is complied with respondent may have forty-five days after the expiration of said thirty days within which to serve and file his brief.

Appellant's motion granted.

Respondent's motion denied.

POTTER, J., and BLYDENBURGH, J. J., concur.